# EXHIBIT A

<table>
<tr><td>

DISTRICT COURT, COUNTY OF ADAMS
STATE OF COLORADO

1100 Judicial Center Drive
Brighton, Colorado  80601

</td><td>

DATE FILED: May 20, 2020 2:06 PM
FILING ID: 9BA2DBD474C8A
CASE NUMBER: 2020CV30713

</td></tr>
<tr><td>

**Plaintiff:**

    **CAROLYN ROBERTS**

**v.**

**Defendant:**

    **LOWE'S HOME CENTERS, LLC, a Foreign Limited Liability Company d/b/a LOWE'S STORE #0246**

</td><td>

▲ COURT USE ONLY ▲

Case No.:

Division:

</td></tr>
<tr><td>

*Attorneys for Plaintiff:*
Geoffrey S. Gulinson, #19351
Rick A. Carmickle, #20742
Geoffrey S. Gulinson & Associates, P.C.
4155 East Jewell Avenue, Suite 402
Denver, CO  80222
Phone: (303) 753-0037
Fax:  (303) 753-4599
geoff@geoffreysgulinson.com
rick@geoffreysgulinson.com

</td><td></td></tr>
<tr><td colspan="2" align="center">

**COMPLAINT**

</td></tr>
</table>

Plaintiff Carolyn Roberts, by and through her undersigned attorneys, Geoffrey S. Gulinson & Associates, P.C., and for her Complaint against Defendant Lowe's Home Centers, LLC, a foreign limited liability company d/b/a Lowe's Store #0246, states and alleges as follows:

## **VENUE**

1. Pursuant to Rule 98(c)(1) and (5), venue is proper in the District Court, Adams County, Colorado, because Plaintiff fell and was injured in Adams County, Colorado.

**EXHIBIT A**

**PARTIES AND GENERAL ALLEGATIONS**

2.  Plaintiff Carolyn Roberts resides at 8671 E. 104th Avenue in Henderson, Colorado 80640.

3.  Defendant Lowe's Home Centers, LLC (hereinafter "Defendant Lowe's") is a foreign limited liability company whose registered agent is Corporation Service Company located at 1900 W. Littleton Boulevard in Littleton, Colorado 80129.

4.  Upon information and belief, Defendant Lowe's is the owner of the Lowe's Store #0246 located at 261 W. 104th Avenue in Northglenn, Colorado.

5.  Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the amount required for the district court limitation pursuant to the Colorado Revised Statutes.

**FACTUAL STATEMENT**

6.  Plaintiff hereby affirms, alleges, and incorporates the allegations contained in the above paragraphs as though set forth fully herein.

7.  On or about May 22, 2018, Plaintiff was shopping with her brother at the Lowe's store in the outdoor garden area attached to the main store.

8.  Plaintiff pulled her shopping cart up next to the pallets of compost which were located along the south side of the garden area.

9.  As Plaintiff picked up a bag of compost, she turned to put it into her shopping cart. As she took a step with her right foot, her foot caught on the handle of a push broom, causing her to fall.

10. Plaintiff fell with her right side landing on the concrete store floor and partially landing on the top of the push broom handle with her right arm extended out past her head. Part of the left side of her body, including her face, landed on the bag of compost which had broken open from the impact.

11. Plaintiff sustained injury to her neck as a result of the fall, which required surgery. Compost got in both of her eyes which resulted in sties and irritation.

12. Defendant Lowe's and its employees were responsible for keeping the store, including the garden area, safe and free of hazards, including as in this instance, leaving a push broom lying on the store floor where the customers are shopping.

**EXHIBIT A**

**FIRST CLAIM FOR RELIEF**
*Premises Liability Against Defendant - C.R.S. § 13-21-115*

13. Plaintiff hereby affirms, alleges, and incorporates each and every allegation cited above, as though fully set forth herein.

14. At the time of Plaintiff's incident, Defendant was a "land owner" within the meaning of C.R.S. § 13-21-115(1).

15. At the time of the incident, Plaintiff was an "invitee" of Defendant as she was shopping in the subject Lowe's store which had common-law and contractual duties to Plaintiff, either directly or indirectly, as a third-party beneficiary between Defendant to allow Plaintiff to enter and transact through a safe and non-hazardous premises.

16. It was Defendant's express representation that the public was requested, expected, or intended to enter or remain on the subject premises.

17. Defendant, through its employees, knew or should have known that the push broom lying on the store floor where customers walk was a dangerous condition.

18. Defendant, through its employees, owed Plaintiff the duty of removing the push broom from the store floor.

19. At the time of the fall, Defendant, as a statutory or actual "landowner," was legally responsible for the condition of the store floor within the meaning of C.R.S. § 13-21-115(1), and Plaintiff was an "invitee" of Defendant as she was a customer who was shopping in the subject Lowe's store within the meaning of C.R.S. § 13-21-115(c).

20. Defendant is directly or imputably liable to Plaintiff for injuries, damages, and losses sustained by her and caused by Defendant for the unreasonable failure to exercise reasonable care to protect against dangers of which were known or should have been known pursuant to C.R.S. § 13-21-115(3).

21. Prior to and leading up to the time Plaintiff was injured, Defendant or its employees failed to exercise reasonable care to abate the dangerous condition which they knew or should have known.

22. Defendant failed to warn individuals, including Plaintiff, of the dangerous condition of the push broom lying on the store floor where customers walk.

23. Defendant, through its employees, had or should have had actual knowledge of the unreasonably dangerous condition and failed to take appropriate measures to remove the push broom from the floor where it was left and where Plaintiff was injured.

3

**EXHIBIT A**

24. As a direct and proximate result or substantial factor of Defendant's actions and/or omissions, Plaintiff tripped on the broom and fell on the concrete floor of the garden area, resulting in injuries and damages as described above, as well as pain and suffering, emotional distress as a result of the subject incident, and other injuries which will be more particularly described at trial.

25. At the time of the subject incident, a condition existed on the premises which created an unreasonable risk of injury and/or damages to persons such as Plaintiff.

26. Defendant, as a direct and proximate result or substantial factor in bringing or causing Plaintiff's injuries and damages as described above, is liable for its actions and inactions for economic damages, including medical expenses, and for non-economic damages, including, but not limited to, loss of enjoyment of life, pain and suffering and emotional distress as a result of the subject incident, all in amounts to be proven at trial.

27. Due to the injuries sustained in the subject incident, Plaintiff has treated with medical providers and has complied with medical treatment.

28. As a further direct and proximate result or substantial factor of Defendant's negligence as indicated in the paragraphs above, Plaintiff has suffered loss of enjoyment of life and impairment of the quality of life.

29. As a further direct and proximate result or substantial factor of Defendant's negligence as indicated in the paragraphs above, Plaintiff believes that she has suffered permanent impairment and/or permanent disability.

30. Plaintiff, at all times relevant hereto, was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

31. As a direct and proximate result of the negligent acts of Defendant herein, Plaintiff has suffered various injuries, damages, and losses including:

   a. Economic damages, past and future, including but not limited to, medical expenses, household expenses, and other expenses;

   b. Non-economic damages, including but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and anxiety.

   WHEREFORE, Plaintiff prays for the relief set forth below.

**PRAYER FOR RELIEF**

   WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. Compensation for economic losses, both past and future;

4

**EXHIBIT A**

5

b.  Compensation for non-economic losses for pain and suffering, inconvenience, emotional distress, loss of enjoyment of life, and anxiety, both past and future;

c.  Compensation for other expenses sustained or incurred;

d.  Attorneys' fees as provided by law;

e.  Pre- and post-judgment interest as provided by law;

f.  Costs, including expert witness fees, as provided by law; and

g.  Such further relief as the Court deems just and proper.

Respectfully submitted:  May 20, 2020

> **GEOFFREY S. GULINSON & ASSOCIATES, P.C.**
> *A duly signed original on file at the office of*
> *Geoffrey S. Gulinson and Associates, P.C.*
>
> *s/   Geoffrey S. Gulinson*
> Geoffrey S. Gulinson, #19351
> Attorneys for Plaintiff

Plaintiff's Address:
8671 E. 104th Avenue
Henderson, CO  80640